UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SVETLANA BERGER,

               Plaintiffs,

     -versus-

BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER,

               Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:24-CV-8550 (FB) (JRC)

*Appearances:*
*For the Plaintiff:*
RACHEL DREHER
RONALD D. COLEMAN
Coleman Law Firm, PC
50 Park Place
Ste 1105
Newark, NJ 07102

NICOLE CRISTINE PEARSON
Facts Law Truth Justice, Apc
5319 University Drive
Ste 503
Irvine, CA 92612

*For the Defendant:*
MARIANNE MONROY
VASILIOS D. LOLIS
Garfunkkel Wild, P.C.
900 Steward Ave., 4th Floor
Garden City, NY 11530

**BLOCK, Senior District Judge:**

Svetlana Berger ("Plaintiff" or "Berger") claims that her former employer, Brookdale University Hospital and Medical Center ("Brookdale") discriminated and retaliated against her on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL"). Plaintiff claims that her position was unlawfully terminated after she refused the COVID-19 vaccine because of her religious beliefs. Alternatively, she claims that she was entitled to an accommodation of fully remote work.

Brookdale moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons the motions are granted.

**Background**

Plaintiff began working as a social worker at Brookdale in May 2011. Compl., ¶ 10, ECF No. 1. Plaintiff identifies as a Modern-Orthodox Jew. *Id.* at ¶ 15. Early in her employment, she was granted a reasonable accommodation for her religious beliefs permitting her to not work during the Sabbath. *Id.* at ¶ 11.

In August 2021, as a response to the COVID-19 pandemic, the New York State Department of Health ("DOH") implemented a regulation, 10 N.Y.C.R.R. § 2.61 (the "State Mandate"), requiring covered health care employers to ensure that their patient- and staff-facing workers were fully vaccinated against COVID-19. On September 6, 2021, Brookdale informed Plaintiff that she fell within the category of employees covered by the State Mandate and that she was required to be vaccinated if she was to continue working with patients. *Id.* at ¶ 13. Plaintiff filed a religious accommodation request, which Brookdale denied. *Id.* at ¶¶ 15–23. When Plaintiff failed to submit proof of vaccination, Brookdale placed her on unpaid leave on December 18, 2021, and subsequently terminated her on December 31, 2021. *Id.* at ¶¶ 24–30.

After her termination Plaintiff initiated two actions. First, she applied for unemployment insurance; second, she filed a Charge of Discrimination with the EEOC and the New York State Division of Human Rights ("DHR"). *Id.* at ¶ 7.

Plaintiff's unemployment insurance benefits claim was processed by the New York Department of Labor ("DOL"). Her claim was initially denied, and after a series of re-hearings, the Unemployment Insurance Appeals Board ( "Appeals Board") determined that Plaintiff's refusal to undergo vaccination was not tied to her religious beliefs but rather rooted in her concern over the "safety of the newly developed vaccine, and the lack of research and data about its long-term effects." Appeals Board Decision, p. 5, ECF No. 30-3. Based on this determination

2

her application for unemployment benefits was denied. The Appeals Board's decision is not before the Court.

In response to her Charge of Discrimination, the EEOC issued a right-to-sue letter to Plaintiff. *Id.* at ¶ 8. The DHR separately investigated Plaintiff's Charge of Discrimination and issued an order determining that there was "no probable cause to believe that [Brookdale] engaged in . . . the unlawful discriminatory practice complained of." DHR Order, 1, ECF No. 30-6. With her EEOC right-to-sue letter in hand, Plaintiff properly initiated this action. Compl., ¶ 9.

## Legal Standards

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Id*. Courts should "draw all reasonable inferences in a Plaintiff's favor, assume all 'well-pleaded factual allegations' to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

3

Furthermore, "on a Rule 12(b) motion to dismiss" the court may "consider matters of which judicial notice may be taken.'" *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Judicial notice may be taken of matters that are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting Fed. R. Evid. 201(b)). The Court may also "take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Johnson v. Cnty. of Nassau*, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006).

As an initial matter, the Court must decide what weight to give the prior findings of the Appeals Board and the DHR. In general, the Supreme Court has counseled that "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott*, 478 U.S. 788, 799, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986) (internal quotation omitted).

New York law forbids Appeals Board findings from "preclud[ing] the litigation of any issue of fact or law in any subsequent action." N.Y. Lab. Law § 623; *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 382 (2d Cir. 2017) ("[U]nemployment insurance decisions do not have preclusive effect in subsequent litigation."). Nor should DHR determinations be preclusive. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 736 (2d Cir. 2001) (concluding that if—as here—there was no discovery, and if the complainant was acting pro se in the original

4

hearing, collaterally estopped should not be a bar from relitigating issues previously raised before the DHR). Nonetheless, under Title VII they are accorded "substantial weight." *See* 42 U.S.C. § 2000e-5(b).

**Analysis**

Plaintiff asserts two claims, first, religious discrimination in violation of the NYSHRL, N.Y. Exec. Law § 296(1)(a), (10)(a), and second, religious discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*. Defendants move to dismiss the NYSHR claim pursuant to 12(b)(1), and to dismiss the Title VII claim under 12(b)(6).

I.      NYSHRL Claim

The Court first addresses the NYSHRL jurisdictional issue under Fed. R. Civ. P. 12(b)(1) since "if [the Court] must dismiss the complaint for lack of subject matter jurisdiction, the [defendants'] defenses and objections become moot and do not need to be determined." *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019) (internal quotation marks omitted). Brookdale argues that Plaintiff's state law claim under the NYSHRL is barred by the statute's election of remedies provision. "Under [this] provision[], once a claim is dismissed by the [DHR], the complainant is generally foreclosed from seeking redress elsewhere and can only appeal to the Supreme Court of the State of New York." *Deberry v. Brookdale Univ. Hosp. & Med. Ctr.*, 11 F. Supp. 3d 387, 392 (E.D.N.Y. 2014). "[B]y electing to proceed along the administrative route, the complainant creates an 'insuperable jurisdictional bar' to subsequent federal judicial review of these claims." *Id.* (quoting *Moodie v. Fed. Reserve Bank of New York*, 58 F.3d 879, 882-84 (2d Cir. 1995)).

This is what happened here. Berger chose to file her NYSHRL claim with the DHR and the DHR determined that the claim lacked merit. *See* DHR Order. Thus, the Court lacks

5

jurisdiction over this claim and it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Shearon v. Comfort Tech Mech. Co., Inc.*, 936 F. Supp. 2d 143, 157 (E.D.N.Y. 2013) (dismissal under election of remedies bar is done pursuant Fed. R. Civ. P. 12(b)(1) rather than 12(b)(6)).

II.      Title VII Claim

Although claims of religious discrimination are evaluated under the three-part burden shifting analysis set forth by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), this framework is inapplicable on a 12(b)(6) motion to dismiss. *Szuszkiewicz v. JPMorgan Chase Bank*, 12 F. Supp. 3d 330, 343 (E.D.N.Y. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). There is no heightened pleading standard for discrimination claims, rather "the facts alleged in the complaint must provide 'plausible support to the reduced requirements' of a *prima facie* case." *Mears v. Allstate Indem. Co.*, 336 F. Supp. 3d 141, 149 (E.D.N.Y. 2018) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

The Court liberally construes the Complaint as raising two claims, one for religious discrimination; the other for failure to accommodate.

A.  Religious Discrimination

To establish a *prima facie* case of religious discrimination under Title VII a plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

The Complaint adequately pleads that Plaintiff is in a protected class and suffered an adverse employment action. However, because she refused to abide by the State Mandate and refused to be vaccinated for COVID-19 she was not qualified for her position, and she was lawfully terminated.

To be qualified for a position, an employee must satisfy all criteria required by the employer. *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 127 (2d Cir. 2004), *abrogated on other grounds in Muldrow v. City of St. Louis*, 601 U.S. 346, 144 S. Ct. 967, 218 L. Ed. 2d 322 (2024)). The Second Circuit has recognized that under the State Mandate "vaccination is a condition of employment in the healthcare field." *We The Patriots v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021); *see also Kane v. de Blasio*, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022) (collecting cases). Accordingly, courts in our Circuit have consistently held that where  healthcare workers refuse to be vaccinated after their employer makes vaccination a condition of employment, they are no longer qualified for their position. *See Greene v. Northwell Health Inc.*, No. 2:23-cv-4846 (NJC) (LGD), 2024 U.S. Dist. LEXIS 173767, at *32 (E.D.N.Y. Sep. 25, 2024); *Haczynska v. Mount Sinai Health Sys., Inc.*, No. 23-cv-3091, 738 F. Supp. 3d 300, 2024 U.S. Dist. LEXIS 112830, 2024 WL 3178639, *11 n.15 (E.D.N.Y. June 26, 2024); *Lake v. HealthAlliance Hosp. Broadway Campus*, No. 22-cv-656, 2024 U.S. Dist. LEXIS 114031, 2024 WL 3226273, at *7 n.13 (N.D.N.Y. June 27, 2024); *Tandian v. State Univ. of New York*, 698 F. Supp. 3d 425, 439 (N.D.N.Y. 2023).

Plaintiff's challenge to the validity of the State Mandate is unavailing. In *We The Patriots USA, Inc. v. Hochul*, the Second Circuit held that the State Mandate was lawful, and that "if a medically eligible employee's work assignments mean that she qualifies as 'personnel,' she is

7

covered by the [State Mandate] and her employer must 'continuously require' that she is vaccinated against COVID-19." 17 F.4th 368, 370 (2d Cir. 2021) (quoting 10 N.Y.C.R.R. § 2.61).

Since the State Mandate was lawful and in force at the time of Plaintiff's termination, she was not qualified for her position, and she fails to establish a *prima facie* case of religious discrimination. Thus, Defendant's 12(b)(6) motion is granted as to this aspect of Plaintiff's Title VII claim.

B.   Failure to Accommodate

"Title VII of the Civil Rights Act of 1964 requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 453-54, 143 S. Ct. 2279, 2286 (2023) (*quoting* 78 Stat. 253, as amended, 42 U. S. C. §2000e(j)).

Even though the Second Circuit upheld the lawfulness of the State Mandate in *We The Patriots USA, Inc.,* it recognized that the Mandate "does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Rule." 17 F.4th 368, 370. Thus, the question is whether Brookdale could have granted Plaintiff's requested accommodation of fully-remote work or if this would have imposed a separate undue hardship on the Hospital.

Courts in this Circuit have repeatedly held that requiring an employer to create a fully-remote position where one did not previously exist imposes an undue hardship on the employer. *Brown v. S. Shore Univ. Hosp.*, 762 F. Supp. 3d 191 (E.D.N.Y. 2025) ("To the extent that Defendants could have accommodated [Plaintiff's] alleged religious belief by placing [her] in a remote position, courts in this Circuit have found that such an accommodation would result in an undue hardship on hospital defendants . . . because such employers would have to hire another

employee to perform an employee's in-person duties."); *Greene*, 2024 U.S. Dist. LEXIS 173767, at *45 (E.D.N.Y. Sep. 25, 2024); *Conde v. Mid Hudson Reg'l Hosp. Med. Ctr.*, No. 22-v-3085, 2024 U.S. Dist. LEXIS 8658, 2024 WL 168282, at *8 (S.D.N.Y. Jan. 12, 2024).

Relevant here, two administrative hearings found that Plaintiff's position could not be performed remotely. The DHR investigation determined that Plaintiff's "job could not be performed fully remotely as her responsibilities required her to provide in-person patient care functions." DHR Order, 2. The State Unemployment Insurance Appeals Board made an identical finding. Appeals Board Decision, p. 4 ("The department determined that as the claimant's position was 'patient facing,' she could not perform the functions of her job remotely.") While these administrative agency decisions do not have preclusive effect, the Court nonetheless gives them "substantial weight" in determining the reasonableness of Plaintiff's proposed accommodation. 42 U. S. C. § 2000e-5(b).

Plaintiff contends that because the Complaint states that Brookdale "allowed her to work remotely throughout her employment" she satisfies the liberal pleading standard set out in *Twombly* and *Iqbal*. *See* Compl. ¶ 12. However, the Complaint only asserts that Plaintiff was allowed to work remotely *as part of her Sabbath observation*. *See id.* ¶¶ 11–12. The Court interprets this to mean that Plaintiff was able to work remotely insofar as it was necessary to permit her observance of the Sabbath, e.g. perhaps by working from home on Fridays so that she would not need to drive home after sunset. This is a far cry from her requested accommodation to be allowed to fully work remotely.

Plaintiff's accommodation was denied because of the State Mandate and because the job required in-person patient care duties. Her proposed accommodation was unreasonable because it

would have imposed an undue hardship on Brookdale. Accordingly, Plaintiff fails to state a claim for failure to accommodate under Title VII.

## Conclusion

Plaintiff's NYSHRL claims are dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As for her Title VII claims, they are dismissed as a matter of law because she was terminated for a legitimate reason and there was no reasonable accommodation that could have been granted without imposing an undue hardship on her employer. Accordingly, Defendant's motions are GRANTED.


**SO ORDERED.**

                                          _/S/ Frederic Block_____
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
July 14, 2026

10